**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANH LAI NGOC NGUYEN, | No. 1:26-cv-00350 JLT EPG (HC) |
| Petitioner, | ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | (Docs. 1, 13) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 6, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted and Petitioner be released. (Doc. 13.) The Court served the findings and recommendations on the parties, notified them that any objections were due in 14 days, and advised them that failure to file objections within the specified time may waive the right to appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On March 20, 2026, Respondents filed timely objections. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, which clarify the factual circumstances, the Court declines to adopt the findings and recommendations.

Notably, the record now demonstrates that Petitioner, who has a lengthy criminal history, has been in ICE custody on several prior occasions, each time ending in his release on

1

supervision. (Doc. 17, ¶ 9; Doc. 17-1 at 25–38.) The last order of supervision in the record dates to 2013 and contains a standard provision prohibiting him from committing any crimes while subject to the order. (Doc. 17-1 at 37.)

It is undisputed that in 2021 Petitioner sustained a state law conviction in Arizona for transporting methamphetamine and was sentenced to 5 years in jail. (Doc. 17, ¶ 10; Dc. 17-1 at 2.) There is no record of his release on supervision after his 2021 conviction. ICE re-detained Petitioner on November 24, 2025, (*see* Doc. 10-1, ¶ 11), and shortly thereafter, on December 2, 2025, served him with a Notice of Revocation. (Doc. 17-1 at 40–41.) The Notice indicated that his re-detention was based upon a determination that his 2021 conviction constituted a violation of the terms of his supervision. (*Id.*) The Notice also informed Petitioner that he would promptly be afforded an informal interview at which he would be afforded an opportunity to respond to the asserted reason for revocation. (*Id.*) The form Petition submitted in this case does not specifically allege that the interview was not provided. (*See* Doc. 1 at 17.)[1]

Given these clarifying facts, Petitioner's situation appears to be squarely covered by 8 C.F.R. § 241.13(i)(1), which provides:

> Violation of conditions of release. Any alien who has been released under an order of supervision under this section who violates any of the conditions of release may be returned to custody and is subject to the penalties described in section 243(b) of the Act. In suitable cases, the HQPDU shall refer the case to the appropriate U.S. Attorney for criminal prosecution. The alien may be continued in detention for an additional six months in order to effect the alien's removal, if possible, and to effect the conditions under which the alien had been released.

This regulation specifically permits ICE to re-detain Petitioner for violating the conditions of his release for an "additional" six months, notwithstanding any prior periods of incarceration. Here,

[1] The form Petition contains a check box, which was selected, alleging: "I am pursuing Ground Four because I was previously released from post-final order detention and then ICE detained me again without (a) proof that an ICE official determined there is a significant likelihood I will be deported soon, (b) notification of the reasons for revocation of my release, and/or (c) an initial informal interview promptly after my return to custody to afford me an opportunity to respond to the reasons stated in the notification." (Doc. 1 at 17.) Given the alternative pleading framed in this language, as well as the absence of any factual narrative discussing the presence or absence of an informal narrative, the Court finds that the Petition does not plausibly allege the absence of an informal interview, even viewing the complaint liberally in view of Petitioner's pro se status.

2

there is no suggestion that Respondents' assertion of a violation is pretextual. Nor has the Court identified any authority suggesting that Petitioner has an independent constitutional right to release prior to the expiration of the renewed six-month period. Thus, the Petition must be denied without prejudice.

Thus, the Court **ORDERS**:

1.  The Court **DECLINES TO ADOPT** the March 6, 2026 findings and recommendations (Doc. 13).

2.  The petition for writ of habeas corpus is **DENIED WITHOUT PREJUDICE**.

3.  The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **April 9, 2026**

UNITED STATES DISTRICT JUDGE